**SIGNED this 8 day of September, 2026.**

**John T. Laney, III**
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ANGELA MARIE SCHRONCE,** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| **Debtor.** | ) | **CASE NO. 24-40664-JTL** |
| | ) | |
| | ) | |
| **MIKE L. MOON INVESTMENTS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adversary Proceeding No. 25-4008** |
| **v.** | ) | |
| | ) | |
| **ANGELA MARIE SCHRONCE** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION ON THE PLAINTIFF'S MOTION FOR FULL OR PARTIAL SUMMARY JUDGEMENT

This above-captioned matter came before the Court on a motion for full or partial summary judgment filed by the Plaintiff, Mike L. Moon Investments Inc. against the Debtor-

Defendant, Angela Schronce. The Plaintiff moved the Court to validate the foreclosure sale of the Debtor's property that occurred after the Debtor's case. Shortly before the hearing, additional grounds were raised by the Defendant as to why the foreclosure sale should be declared invalid pursuant to O.C.G.A § 44-14-162.2. The Court finds that the foreclosure sale may be valid based on the limited grounds presented in the brief and supporting evidence filed by the Plaintiff. The Court, however, will allow the parties additional briefing time for the grounds presented shortly before and during the hearing to fully resolve this issue.

## I. PROCEDURAL POSTURE AND FACTUAL FINDINGS

The property at question in the adversary proceeding was first owned by Bonnie and Rocky Varnell, the Debtor's deceased parents. Mem. in Sup., Doc. 74. Ms. Bonnie Varnell passed away first, leaving a will that devised the subject property to her husband, Mr. Rocky Varnell. *Id*. Mr. Rocky Varnell subsequently passed away, leaving a will that disinherited his other children and left the subject property to Ms. Schronce, the Debtor. Hr'g Held, Doc. 89. Ms. Varnell's will was probated, but no deed of assent was filed in the case, leaving her estate open. Mem. in Sup., Doc. 74. Mr. Varnell's will has not yet been probated. *Id*. Ms. Schronce has had health issues that have prevented her from making appointments with counsel to probate her father's will. Resp. in Opp., Doc. 80. Therefore, while Ms. Schronce has a probate interest in the property, full legal title of the property is still tangled in the Debtor's parents' probate process.

Despite lacking legal title, however, Ms. Schronce lives on the property. Hr'g Held, Doc. 89. In the proposed plan in the Debtor's bankruptcy case, Ms. Schronce provides for payments to Mike L. Moon Investments for the land and direct payments to 21st Mortgage Corporation for payments on the mobile home located on the land. Case No. 24-40664, Chapter 13 Plan, Doc. 4. She is substantially current in her payments to the Trustee but, since the plan has not been

confirmed, payments have not been made to the Plaintiff. Hr'g Held, Doc. 89. The Court lacks evidence to determine the status of property tax payments and the sufficiency of insurance on the property.

On November 1, 2024, aware of the pending foreclosure, Ms. Schronce filed her bankruptcy case. Resp. in Opp., Doc. 80. On November 5, 2024, the Plaintiff foreclosed on the property, selling it to a third-party buyer. *Id*. Subsequently, after learning of the bankruptcy case, the Plaintiff negotiated with the third-party buyer to deed the property back to the Plaintiff. Mem. in Sup., Doc. 74. The Plaintiff now moves the Court to validate the foreclosure on the property. *Id*.

Counsel for the Plaintiff submitted his brief on June 19, 2026. Mem. in Sup., Doc. 74. The Debtor did not respond until July 28, 2026, beyond the time allowed by the Local Rules. M.D. Ga. Bankr. L.R. 7056-1(b), Resp. in Opp., Doc. 80. The Plaintiff responded on August 11, 2026, which was timely based on the Debtor's late submission. M.D. Ga. Bankr. L.R. 7056-1(c); Reply Br., Doc. 86. The Debtor then amended her affidavit on August 26, 2026 which included an additional ground under which the Plaintiff's case would fail. Am. Aff., Doc. 88. The hearing on this matter was held on August 31, 2026. Hr'g Held, Doc. 89. During the hearing, the Plaintiff asked that if the Court found that the late-raised argument was relevant to resolving this adversary proceeding, the Court would allow the Plaintiff time to do discovery and file a brief on that issue. *Id*. The Court took the matter under advisement. *Id*.

## II. LEGAL ANALYSIS

"Summary judgment is appropriate if the evidence establishes 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *McCormick v. City of Ft. Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citing Fed.R.Civ.P. 56(c)). The

Plaintiff raises four grounds upon which summary judgement should be granted. First, the Plaintiff argues that § 549(c) protects the foreclosure sale. The Plaintiff also contends that the property is outside of the Debtor's bankruptcy estate because the title remains vested in the Debtor's parents' estates. Relatedly, the Plaintiff argues that the bankruptcy court lacks jurisdiction to vest the Debtor with title outside of the probate process. In the alternative, the Plaintiff contends that the Debtor's conduct, including the failure to notify the Plaintiff of the Debtor's bankruptcy case, warrants an annulment of the stay and validation of the foreclosure.

First, the Court must address what evidence in this case the Court will consider given the Debtor's untimely filings. As noted previously, the Debtor failed to submit her brief until after the permitted response time expired. Resp. in Opp., Doc. 80. The Debtor presented evidence that, at least in part, the Debtor's failure to respond was due to medical issues beyond her control. *Id*. The Plaintiff claims that the Court's Local Rule 7056-1(d) deems admitted any fact that is not properly controverted, including late filings. The Local Rule states that the Court "*may* be deemed admitted," giving the Court discretion to deem facts admitted as appropriate. M.D. Ga. Bankr. L.R. 7056-1(d)(emphasis added). Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates Rule 56 of the Federal Rules of Civil Procedure which states, in part, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may give an opportunity to properly support or address the fact." Timely filings are an important cornerstone to the efficient administration of cases and fairness to opposing parties. The importance of the facts in a motion for summary judgement to reach the most equitable and just result, however, takes precedence in this instant case. The Plaintiff also did not report any prejudice on its behalf on account of the Debtor's untimely filing for the matters being addressed at this time. Therefore, while the Court

reminds the Debtor of her obligation to respond in a timely manner in the future, the Court will allow the Debtor's response and evidence into the record for purposes of the motion.

The Plaintiff first claims that § 549(c) validates the foreclosure sale because the Debtor failed to notify the Plaintiff about the foreclosure sale and failed to record her bankruptcy at the county court. Section 549(c) provides that a transfer of real property after the commencement of a bankruptcy case if the transfer is to

> [a] good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser.

11 U.S.C. § 549(c). The Plaintiff claims that the initial foreclosure should be validated under this section, automatic stay notwithstanding. The Court finds that § 549(c) does not apply in this case. Primarily, no evidence was put on the record that the foreclosure purchase was for "present fair equivalent value" of the property, nor whether the Debtor recorded her bankruptcy after the foreclosure sale. Thus, the elements of § 549(c) have not been met and the foreclosure sale cannot be validated under that section.[1]

---

[1] The Court also doubts whether § 549(c) could protect the Plaintiff in this case. The intention of § 549(c) is to protect the interests of a third-party that properly purchases and perfects title to land otherwise unaware of the bankruptcy proceeding, not to validate actions taken by creditors in prohibition of the automatic stay. While the initial foreclosure was to a third-party buyer, the Plaintiff negotiated the property back from the third-party buyer to the Plaintiff. Section 549(c) may have protected the third-party purchaser after the initial foreclosure, but the subsequent transaction and deed back to the Plaintiff remedied the potential injury to the bona fide purchaser. The Court hesitates to expand the protection of § 549(c) to a party that had notice of the bankruptcy at the time of a subsequent transfer to it. While this fact pattern is seemingly unique, the Court is reluctant to approve of a potential loophole for future foreclosing creditors to use § 549(c) and then a transfer-back agreement as a shield against the protection of the automatic stay.

The Court will address the next two grounds together. The Plaintiff's two arguments are best summarized by asking the Court to determine what, if any, rights the Debtor had in the property at the time of foreclosure. The Plaintiff is correct that legal title has not vested in the Debtor and that she has only a probate interest in the property.

The bankruptcy estate, however, encompasses more than just the legal interests a Debtor has. Section 541 states that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." The legislative notes to § 541 of the Bankruptcy Code states, "the debtor's interest in property also includes 'title' to property, which is an interest, just as are a possessory interest, or lease-hold interest." S. Rep. No. 95-989 (1978). The Debtor lives on the property and is making payments on a mobile home on the subject property. Hr'g Held, Doc 89. The Debtor also continues to make payments to the Trustee designated in part to the Plaintiff for the property. *Id*. The Debtor lacks legal title to the property, but her bankruptcy estate does include the equitable and possessory interest that she has in the property.

The Plaintiff cited this Court's decision in *In re Curtis* to support its case in which the Court found that a debtor's fractional probate interest was vested in an administrator, not the debtor, which contributed to the Court's finding that the foreclosure in that case should be validated. 674 B.R. 672 (Bankr. M.D. Ga. 2025). The facts of the Curtis case, however, are distinguishable mainly because the debtor in the *Curtis* case was not living consistently on the property at the time of the filing. *Id*. at 674. The debtor listed the property as her residence but stayed there only intermittently. *Id*. It was also significant to the Court that she had not filed schedules or a plan and was not making payments on the property or to the Trustee. *Id*.

Therefore, as to the Plaintiff's arguments that the title to the Debtor's property is outside the bankruptcy estate and that the bankruptcy court lacks jurisdiction to indirectly administer the probate estate, the Court finds that the equitable interest of the Debtor is sufficient to absorb the subject property into the Debtor's estate and establishes the Court's jurisdiction as to the validity of the foreclosure sale. The Court also finds that, because the subject property is within the bankruptcy estate, the automatic stay applied prior to the foreclosure sale.

Therefore, the Court turns to the question as to whether the stay should be annulled to validate the foreclosure sale. Bankruptcy courts have the power to annul the stay to retroactively validate an action that was otherwise voided by the automatic stay. *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir. 1984). It can be done "for cause" which is requested by the Plaintiff here. *In re Patel*, 142 F.4th 1313, 1320 (11th Cir. 2025) To do so, the Court must find that the circumstances of the case warrant such relief. *In re Curtis*, 674 B.R. at 676 (citing *In re Albany Partners, Ltd.,* 749 F.2d at 674. The Plaintiff argues that the facts demonstrate that the Debtor's conduct is, as a matter of law, egregious enough to warrant retroactive relief. In this case, the Court finds that the conduct is not.

The Eleventh Circuit has emphasized the importance of the preservation of the automatic stay but for "limited" circumstances. *In re Albany Partners, Ltd.,* 749 F.2d at 675 ("We acknowledge that the important congressional policy behind the automatic stay demands that courts be especially hesitant to validate acts committed during the pendency of the stay"). Cases in which this Court has annulled the stay have involved circumstances under which the Debtor's conduct was in bad faith or the party requesting stay relief would be irreparably harmed by failure to do so. *In re Curtis,* 674 B.R. 672; *In re Kelley,* 652 B.R. 570 (Bankr. M.D. Ga. 2023).

The Debtor's conduct in this case, while potentially troublesome, does not warrant a finding as a matter of law for an annulment on the stay. The Plaintiff cites the Debtor's failure to notify the Plaintiff of the case, the failure of the Plaintiff to disclose her siblings as potential heirs to her father's estate, her failure to close out her mother's estate or probate her father's estate or schedule her interest correctly, and her refusal to redocument the loan in her own name.

The parties agree that the Debtor was unable to notify the Plaintiff of her case before the foreclosure. The Debtor filed her case four days before the foreclosure leaving ample time to contact the Plaintiff. The parties do not dispute this. The parties do dispute, however, whether the attempts to contact the Plaintiff were reasonable or sufficient. For example, the Debtor claims that phone calls were made by Debtor's counsel to phone numbers that counsel believed were for Moon Enterprises, Moon Family Properties, and Moon Investments. Resp. in Opp., Doc. 80, Ex. 3. Debtor's counsel also called the Marion County Court, the Sheriff's Office, and the Tax Assessor. *Id*. The Plaintiff, in its response, claimed the Debtor knew or should have known that the phone numbers used to call the Plaintiff were incorrect and she could have notified the Plaintiff in person. Reply Br., Doc. 86, Ex. 4. The Debtor also claims that she went to the courthouse to prevent the foreclosure on the day of the sale but was only there from nine in the morning to twelve o'clock noon while the foreclosure sale was permitted anytime between ten in the morning and four in the afternoon. Hr'g Held, Doc. 89. No cross-examination or evidence is available to the Court about the Debtor's attempts to stop the foreclosure at the courthouse. The reasonableness and diligence of the Debtor's attempts to contact the Plaintiff are genuinely disputed. The Court cannot find, as a matter of law, that the Debtor made no attempts to contact the Plaintiff or the attempts to do so were unreasonable based on the evidence presented at this point.

Additionally, the parties do not dispute that the Debtor's father's estate has not been probated, and her mother's estate remains open. The parties also do not dispute that the Debtor's schedules do not provide for the complexity of the estate as it stands. To warrant the annulment of the stay for cause, however, requires a showing of malintent by the Debtor. No evidence was presented that the Debtor has intentionally or maliciously acted in this case with the intent to harm the Plaintiff or any other creditor. Evidence has been presented that Ms. Schronce has had appointments scheduled with her counsel to participate meaningfully in her bankruptcy case and this adversary proceeding and to probate her father's will but has suffered medical events that have caused those appointments to be canceled. Resp. in Opp., Doc. 80, Ex. 5. She averred that her health has improved and she plans to meet with counsel to probate her father's will. Am. Aff., Doc. 88. She has filed a plan and has been making payments to the Trustee which include payments for this property and her attorney states that she is substantially current despite her health troubles. Hr'g Held, Doc. 89.

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 287 (1991)). While it is typical that a debtor's misfortune leads to the filing of the debtor's bankruptcy case, for some debtors that misfortune carries through their case, as seems to be the case with the Debtor. There is insufficient evidence to find, as a matter of law, the Debtor acted with malice or bad faith sufficient to warrant the annulment of the stay. Instead, the Debtor's story seems to paint the picture of an honest but unfortunate debtor who is making timely payments and following the rules but needs a chance to reengage in her case. The Court does not regard lightly, however, the obligations of the Debtor to promptly address the deficiencies that would help resolve this adversary proceeding. The Court

strongly advises the Debtor to work with counsel to resolve the issues in her case and, by extension, her parents' estates now that her health has improved.

## III. CONCLUSION

For the reasons stated previously, the Plaintiff's motion for summary judgement is denied. The Plaintiff requested that the Court grant the Plaintiff time for discovery on the late-raised issue regarding the validity of the foreclosure sale. The Court will enter an order denying summary judgement and granting the parties additional time for discovery and briefing on that outstanding issue.

END OF DOCUMENT